Judge Owsley
delivered the Opinion of the Court.
This was an action brought in the circuit court, by Mai'tin to, recover one hundred dollars — the amount of a note which was executed to him by Ward.
The trial was had in the circuit court upon an issue taken to a plea of payment, with permission to Ward to avail himself in evidence of any matter which might be pleaded in bar of the action. A Verdict was .found by the jury for Martin, and judgment rendered against Ward for the amount of the note.
To reverse that judgment, Ward has prosecuted this writ of error.
The case turns, in this court, upon the correctness of a decision of the court below, upon a question of evidence.
It appears that in the .progress of the trial before the jury, Ward introduced a witness and offered to prove, that, some time prior to the commencement of the action, Martin, by a paral contract, for a valuable consideration, sold to one White Coxe the note upon which the suit is founded,* and that although the action is brought in the name of Martin, it-was prosecuted for the benefit of Coxe, to whom, under the contract with Mai'tin, the beneficial interest in the note belonged before, and at, the time the suit was instituted. lie also, offered to prove, that, at and before the suit was commenced, the said Coxe was indebted to Ward in a much larger sum .than'the principal and interest of the note, by account for money before that time laid out and expended by Ward for Coxe, at his special instance and *19 request. The object of Ward, as stated by him to the court below, in offering the foregoing evidence, was to avail himself of the amount due him from Coxe, as a set off against the demand sued for. But the evidence was objected to by the counsel of Martin, and rejected by the court.
Set off may \ be pleaded off * a debt due de- : fendartt by tho person for whose benefit tho suit is prosecuted— not of a debt on nominal plaintiff accrued after notice of the acquisition of the other. See 1 Mar.. 486.
The question of evidence, upon which the case turns in this court, is, therefore, whether or not in rejecting the foregoing evidence which was offered by Ward, the court decided correctly.
This question must we apprehend he decided, in the negative, according to the principle settled in the case of Carlisle vs. Long. 1 Marshall R. 486.
That was an action brought by Long, for the benefit of Kinkead, against Carlisle; and to a plea of set-off, which it was admitted, would have been availing as against Long, if tho action had not been prosecuted for the benefit of Kinkead, the plaintiff Long was adjudged to be at liberty to make a. replication containing suitable and appropriate allegations to shew that Kinkead, for whose bene-, fit the action was prosecuted, had an equity in the demand for which the suit was brought, prior in-time to the accrual of the demand pleaded by Car-lisle as a set off. If, therefore, as we still think, we were correct in permitting in that case a legal bar to be avoided by a replication containing equitable matter only, it must be competent for the defendant Ward, to avail himself of the equitable matter attempted to be proved in avoidance of the recovery which was sought against him. This case, as well as that which was brought by Long, is prosecuted in the name of one person for the benefit of another; and if it be competent, by the introduction of equitable matter, to protect the interest of the person for whose benefit the action is brought against a legal bar, it must be equally competent for the defendant to bar a recovery against him by the introduction of equitable matter against the person holding the beneficial interest in the demand sued for.
It was, therefore, incorrect in the court below, to reject the evidence offered by Ward; and the judgment must consequently fee reversed with cost;, and *20 the cause remanded' to the court below, for further proceedings to be there had, not inconsistent with this opinion.
Hanson for plaintiff; French and Taul for defen» d3.nl.